### 44074. SNIDER v. LIBERTY MUTUAL INSURANCE COMPANY et al.

JORDAN, Presiding Judge. In this workmen's compensation case, the deputy director found that the sudden rupture of a duodenal ulcer "was triggered by increased intra-abdominal pressure produced by claimant's exertion and movements in pushing a car at work, and the rupture itself arose out of and in the course of employment." He found further that on the date of the hearing, March 7, 1967, the claimant "had recovered from this rupture and was no longer disabled" but had been disabled on account of this condition from October 1, 1966, to March 6, 1967. He awarded compensation for this period for temporary total disability, plus medical expenses. On appeal the full board adopted these findings and the award, but rejected and struck additional findings reiterating that the rupture, but not the ulcer, is a compensable condition, and that the employer received due and sufficient notice of the injury. This action of the full board is dated August 22, 1967, refers to a hearing on August 14, 1967, and includes the statement "after hearing argument and after careful review of the entire record," but there is no specific reference to a letter dated August 11, 1967, received the following day, in which the claimant's attorney notified the board that claimant had undergone surgery after the hearing and award of the deputy director and that it would be about 30 days before anything definite could be determined regarding claimant's physical condition. Counsel requested that the board remand the matter to the deputy director to hear additional evidence. The superior court affirmed the action of the full board and the claimant appeals from this judgment. *Held:*

The full board, in failing to comply with the request of the claimant's attorney by letter dated August 11, 1967, did not abuse its discretion in exercising its powers under the provisions of *Code* § 114-708, as amended, although its action in adopting the finding of the deputy director, except one paragraph, and the award, as the findings and award of the full board, would not preclude the claimant from applying for a hearing on a change in condition, as authorized under *Code Ann.* § 114-709, based on events suggested in the letter which occurred subsequent to the findings and award of the

deputy director as adopted by the full board. The evidence authorizes the findings and award, no error of law appears, and absent any meritorious grounds under the provisions of Code § 114-710 the superior court properly affirmed the action of the full board. See *Gusler v. Aetna Cas. &c. Co.*, 118 Ga. App. 846, and authorities cited therein.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED NOVEMBER 6, 1968—DECIDED JANUARY 7, 1969— REHEARING DENIED JANUARY 31, 1969.

*Wade H. Leonard*, for appellant.

*Pittman & Kinney, L. Hugh Kemp*, for appellees.